IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

                                               Cr. No. 20-20101-MSN

STONE COLLINS,

        Defendant.

---

## DEFENDANT'S MOTION TO SUPPRESS
## AND INCORPORATED MEMORANDUM OF LAW

---

COMES NOW, Stone Collins ("Mr. Collins"), by and through his counsel of record, Serena R. Gray, Assistant Federal Defender, pursuant to Federal Rule of Criminal Procedure 12(b)(3), and for his Motion to Suppress, states as follows:

### FACTUAL BACKGROUND

On October 31, 2019 at approximately 2:29 p.m., Memphis Police Department Officer T. Cisneros ("Cisneros) was on patrol in the Pendleton West Apartments. Cisneros saw two black males walking through a breezeway. He approached Mr. Collins and asked him to take his hands out of his hoodie. Cisneros then grabbed Mr. Collins and arrested him, and a gun is later recovered from the ground.

### ARGUMENT

The Fourth Amendment of the United States Constitution protects people from unreasonable searches and seizures: "The right of people to be secure in their persons, papers, and

1

effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation." The Sixth Circuit has recognized "three types of permissible encounters between the police and citizens" under the Fourth Amendment: "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." *United States v. Smith*, 594 F.3d 530, 535 (6th Cir. 2010) (internal quotations and citations omitted).

Furthermore, the Sixth Circuit asserts in *United States v. Gross*, 662 F.3d 393, 399 (6th Cir. 2011) that:

> [t]o justify a brief, investigative stop under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), an officer must point to specific, articulable facts that gave rise to a "reasonable suspicion" that the suspect was engaged in criminal activity. *Id.* at 21, 88 S.Ct. 1868. "A reasonable suspicion exists when, based on the totality of the circumstances, a police officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " *United States v. Baldwin,* 114 Fed.Appx. 675, 679 (6th Cir.2004) (quoting *United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). The officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (citations and internal quotation marks omitted).

When evidence is obtained as a result of an unconstitutional search or seizure, it is inadmissible in federal court. *United States v. Pearce*, 531 F.3d 374, 381 (6th Cir. 2008) (citing *Mapp v. Ohio*, 367 U.S. 643, 654 (1961)). This is the exclusionary rule and it "is supplemented by the 'fruit of the poisonous tree' doctrine, which bars the admissibility of evidence which police derivatively obtain from an unconstitutional search or seizure." *Id.* (citations omitted). The overarching purpose of the exclusionary rule is to deter unlawful government behavior and compel

respect for "the constitutional guaranty in the only effectively available way –by removing the incentive to disregard it. *Gross,* 662 F.3d at 401, (citing *Elkins v. United States* 364 U.S. 206, 217 (1960)). Thus, "the indirect fruits of an illegal search or arrest should be suppressed when they bear sufficiently close relationship to the underlying illegality". *Gross*, 662 F.3d at 401 (citing *New York v. Harris*, 495 U.S. 14, 19 (1990).

Mr. Collins avers that there was no reasonable articulable suspicion to support Cisneros initial contact with him or attempt to conduct a *Terry* stop in this case, which ultimately resulted in his arrest. For these reasons, Mr. Collins respectfully requests this Court to suppress all of the evidence found as a result of the illegal seizure and search as well as all statements made thereafter.

**(A)    MPD Officer Cisneros lacked reasonable suspicion to seize Mr. Collins.**

The Supreme Court has held that the Fourth Amendment protects people, and an individual is entitled to be free from unreasonable governmental intrusion. *Terry,* 392 U.S. at 9. Mr. Collins suspects that the Government will argue that Cisneros stopped Mr. Collins to verify his identity because Pendleton West Apartments is a high-crime area. However, "[r]easonable suspicion does not materialize merely because a person 'looked suspicious' and was in a 'high drug problem area.'" *United States v. Keith*, 559 F.3d 499, 503 (6th Cir. 2009) (quoting *Brown v. Texas*, 443 U.S. 47, (1979)). "An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime." *Illinois v. Wardlow,* 528 U.S. 119, 124 (2000).

Similar to the defendant in *Brown v. Texas*, 443 U.S. 47 (1979), when Cisneros detained Mr. Collins for the purpose of requiring him to identify himself, "[h]e performed a seizure of his person subject to the requirements of the Fourth Amendment" *Id.* at 50. Furthermore, in *Brown*, the Court went on to state that "absent any basis for suspecting the appellant of misconduct, the balance

3

between the public interest and appellant's right to personal security and privacy tilts in favor of freedom from police interference…But even assuming that purpose is served to some degree by stopping and demanding identification from an individual without any specific basis for believing he is involved in criminal activity, the guarantees of the Fourth Amendment do not allow it." *Id.* at 52. The case at bar is analogous to *Brown.* Cisneros seized Mr. Collins for the purpose of obtaining information regarding his identity and/or residency absent any reasonable suspicion that he was engaged in any misconduct.

When detaining individuals, "officers only could factor in [the defendant's] actions and the circumstances supporting him alone in order to constitute reasonable suspicion." *United States v. Patterson*, 340 F.3d 368, 372 (6th Cir. 2003). In the case at bar, Mr. Collins and another black male were simply walking through the breezeway at the time that Cisneros seized and grabbed Mr. Collins, demanding that he take his hand out of his hoodie. Cisneros had not observed any actions on the part of Mr. Collins to believe that any criminal activity was afoot.

**B.  The search of Mr. Collin's person was unconstitutional.**

Moreover, "[t]he Supreme Court has made clear . . . that a warrantless search must be based on individualized suspicion." *Id.*  (citing *Chandler v. Miller*, 520 U.S. 305, 313 (1997)). Mr. Collins was not engaged in any criminal activity at the time that Cisneros approached him. Cisneros approached him demanding that he take his hand out of his hoodie and grabbed his hand from his hoodie and subsequently arrested him. This action on the part of Cisneros is an illegal search and must be suppressed.

**CONCLUSION**

There was no basis for Cisneros to make a *Terry* stop or initiate contact with Mr. Collins. Cisneros did not witness Mr. Collins engaging in any criminal conduct; therefore, he lacked the

requisite reasonable suspicion to seize Mr. Collins. Cisneros' illegal seizure and search of Mr.

Collins infringed upon his Fourth Amendment protections and guarantees and requires that all

evidence found as a result thereof be suppressed.

WHEREFORE, for all of the foregoing reasons, Mr. Collins respectfully requests this

Court to suppress all of the evidence found as a result of the illegal search and all statements made

thereafter.


Respectfully submitted,

DORIS RANDLE HOLT
FEDERAL PUBLIC DEFENDER

s/ Serena R. Gray
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(90) 544-3895

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing document was

forwarded by electronic means via the Court's electronic filing system to Ms. Raney Irwin,

Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 2nd day of November

2020.

s/ Serena R. Gray
Assistant Federal Defender